EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

IN RE HUMANIGEN, INC.
SECURITIES LITIGATION

Case No. 2:22-cv-05258-WJM-AME

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF**
**CLASS ACTION**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED HUMANIGEN, INC. SECURITIES FROM MAY 16, 2020 TO JULY 12, 2022, INCLUSIVE.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE PROCEEDS OF THE SETTLEMENTS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____.**

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Shares and Time Period:** Humanigen, Inc. (HGEN) ("Humanigen") common stock

(CUSIP: 444863203) and other Humanigen securities purchased/acquired between

May 16, 2020 and July 12, 2022, inclusive (the "Class Period").

**Settlement Fund:** $3,000,000.00 in cash. Your recovery will depend on the amount of shares purchased and the timing of your purchases and any sales. Depending on the number of eligible shares that participate in the settlement and when those shares were purchased and sold, Plaintiffs estimate the average cash recovery per share of common stock will be approximately $0.047 per share (assuming claims representing shares are filed) before deduction of court-approved fees and expenses.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including the danger of no recovery for Members of the Class.

**If the Class Action Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides do not agree on the amount of money that could have been won if Plaintiffs prevailed at trial. The parties disagree about: (1) the method for determining whether the price of Humanigen common stock was artificially inflated during the relevant period; (2) the amount of any such inflation; (3) the extent that various statements and/or omissions alleged by Plaintiffs were materially false or misleading; (4) the extent that various statements and/or omissions alleged by Plaintiffs influenced the trading price of Humanigen securities during the Class Period; and (5) whether the statements and/or omissions alleged were material, false, misleading, or otherwise actionable under the securities laws.

**Attorneys' Fees and Expenses:** Plaintiffs are represented by Lead Counsel. Lead Counsel has not received any payment for their work investigating the facts, conducting this litigation or negotiating the settlement on behalf of Plaintiffs and the Settlement Class. Court-appointed Lead Counsel will ask the Court for an award of attorneys' fees equal to or less than $1,000,000 which amounts to one-third of the Settlement Fund and reimbursement of out-of-pocket litigation expenses not to exceed $75,000 ~~$67,500~~ to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be $0.017.

> **Deadlines:**
>
> Submit Claim:            _____
> Request Exclusion:       _____
> File Objection:          _____
>
> **Court Hearing on Fairness of Settlement:**  _____
>
> **More Information:** www._____.com  or

**Claims Administrator:**

_____

_____

_____

_____

**Lead Counsel:**
Adam M. Apton, Esq.
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, New York 10004
aapton@zlk.com

Jeremy A. Lieberman, Esq.
POMERANTZ LLP

3

600 3rd Avenue
New York, New York 10016
jalieberman@pomlaw.com

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS CLASS ACTION SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment |

These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

## 1.    Why Did I Get This Notice Package?

You or someone in your family may have purchased or acquired Humanigen securities between May 16, 2020 and July 12, 2022, both dates inclusive.

The Court ordered that this Notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of New Jersey, and the case is known as *In re Humanigen, Inc. Securities Litigation*, Case No. 2:22-cv-05258-WJM-AME.  The person who sued is called the Plaintiff or Plaintiffs, and the company and individuals sued are called Defendants. Defendants have agreed to settle the claims made in this case.

## 2.    What is this Lawsuit About?

Plaintiffs filed this lawsuit alleging that Defendants acted with scienter when making false and materially misleading statements and omissions about Humanigen's lead drug candidate, lenzilumab, including but not limited to safety,

efficacy, and prospects for obtaining approval from the U.S. Food & Drug Administration. Plaintiffs allege that false and materially misleading statements and omissions induced shareholders to purchase Humanigen securities at artificially inflated prices. Plaintiffs further allege that when the truth concerning Humanigen's lenzilumab was revealed, the value of Humanigen's common stock declined and, as a result, Plaintiffs and other members of the Settlement Class suffered substantial damages. Defendants have denied, and continue to deny, each and all of the claims and allegations of wrongdoing made by Plaintiffs in this lawsuit.

### 3. Why Is This a Class Action?

In a class action, one or more people or entities called class representatives sue on behalf of people who have similar claims. Here, all these people are called a Class or Class Members. One court resolves the issues for all the Class Members, except for those who exclude themselves from the Class. Judge William J. Martini is in charge of this class action.

### 4. Why Is There a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the costs of litigation and eligible Settlement Class Members who make valid claims will get compensation. Plaintiffs and their attorneys believe the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

### 5.      How Do I Know if I Am a Part of the Settlement?

The Settlement Class includes all persons or entities who purchased or otherwise acquired Humanigen securities from May 16, 2020 to July 12, 2022, inclusive, except those persons or entities that are excluded, as described below.

### 6.      What Are the Exceptions to Being Included?

You are not a Settlement Class Member if you are:

- One of the Defendants;

- An officer, director, or affiliate of Humanigen

- Humanigen's employee retirement or benefit plan(s) or a participant or beneficiary to the extent you purchased or acquired Humanigen securities through any such plan(s);

- Any entity in which Defendants have or had controlling interest;

- An Immediate Family member of any excluded person, which includes children, stepchildren, partners, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law; or

- A legal representative, heir, successor, or assign of any excluded person or entity.

If you sold Humanigen securities from May 16, 2020, to July 12, 2022, both dates inclusive, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or acquired Humanigen securities, as described above.

### 7.    I'm Still Not Sure If I Am Included in the Class Action

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8.    What Does the Settlement Provide?

Defendants have agreed to pay a total of $3,000,000.00 in cash. The Settlement Fund will be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund").

### 9.    How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members submit timely and valid Proof of Claim forms, the total recognized losses represented by the valid Proof of Claim forms that Settlement Class Members send in, the total number of shares of Humanigen common stock or securities you purchased or acquired, how much you paid, when you purchased or acquired, and if you sold your shares and for how much. By following the instructions in the following Plan of Allocation, you can calculate what is called your Recognized Loss (defined below). The Plan of Allocation for this Settlement is as follows:

1.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misstatements and omissions, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula ("Recognized Loss") described below.

2.    A Recognized Loss will be calculated for each share of Humanigen common stock and each call option purchased or otherwise acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Humanigen common stock or call option was purchased or otherwise acquired during the Class Period, and in what amounts, and whether such stock or option was sold (or otherwise disposed of), and if sold, when it was sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

3.    The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Humanigen common stock was artificially inflated throughout the Class Period.  The estimated alleged artificial inflation in the price of Humanigen common stock during the Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Humanigen common stock during the Class Period is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs.

4.    The U.S. federal securities laws allow investors to recover losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of Humanigen common stock.  In this Litigation, Plaintiffs allege that Defendants made false statements and/or omitted material facts during the Class Period, which had the purported effect of artificially inflating the price of Humanigen common stock.  Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Humanigen common stock on September 9, 2021 and July 13, 2022 (the "Corrective Disclosure Dates").  Thus, in order for a Settlement Class Member to have a Recognized Loss under the Plan of Allocation, Humanigen common stock and call options must have been purchased or acquired during the Class Period and held through at least one of the Corrective Disclosure Dates.

| Table 1 | | |
| --- | --- | --- |
| **Alleged Artificial Inflation in Humanigen Common Stock[1]** | | |
| **From** | **To** | **Per-Share Price Inflation\*** |
| May 16, 2020 | September 8, 2021 | $9.60 |
| September 9, 2021 | July 12, 2022 | $2.38 |
| July 13, 2022 | Thereafter | $0.00 |

\* For each day during the Class Period, price inflation in Humanigen common stock shall be limited to that day's closing price of the stock.

5.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Humanigen common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Humanigen common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on Humanigen common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

6.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Humanigen common stock or call options executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

7.    A Recognized Loss will be calculated as set forth below for each purchase or acquisition of Humanigen common stock and call option during the

---

[1] On September 14, 2020, Humanigen common stock underwent a one-for-five (1-5) reverse stock split.  Herein, all Humanigen stock prices are split-adjusted.

Class Period, that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.

### Recognized Loss Calculation – Common Stock

8.    For each share of Humanigen common stock purchased or otherwise acquired during the Class Period (i.e., May 16, 2020 through July 12, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i.    For each share of Humanigen common stock that was sold prior to September 9, 2021, the Recognized Loss per share is $0.

ii.    For each share of Humanigen common stock that was purchased during the Class Period and subsequently sold during the period September 9, 2021 through July 12, 2022, inclusive, the Recognized Loss per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii.    For each share of Humanigen common stock purchased during the Class Period that was subsequently sold during the period July 13, 2022 through October 10, 2022, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

iv.    For each share of Humanigen common stock purchased during the Class Period and still held as of the close of trading on October 10, 2022, the Recognized Loss per share is *the lesser of*:

a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

b.  the purchase price *minus* the average closing price for Humanigen common stock during the 90-Day Lookback Period, which is $0.30.

| Table 2 Humanigen Common Stock 90-Day Lookback Values | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 7/13/2022 | $0.61 | 8/11/2022 | $0.42 | 9/12/2022 | $0.35 |
| 7/14/2022 | $0.56 | 8/12/2022 | $0.42 | 9/13/2022 | $0.35 |
| 7/15/2022 | $0.54 | 8/15/2022 | $0.42 | 9/14/2022 | $0.34 |
| 7/18/2022 | $0.52 | 8/16/2022 | $0.41 | 9/15/2022 | $0.34 |
| 7/19/2022 | $0.51 | 8/17/2022 | $0.41 | 9/16/2022 | $0.34 |
| 7/20/2022 | $0.50 | 8/18/2022 | $0.41 | 9/19/2022 | $0.33 |
| 7/21/2022 | $0.50 | 8/19/2022 | $0.41 | 9/20/2022 | $0.33 |
| 7/22/2022 | $0.49 | 8/22/2022 | $0.40 | 9/21/2022 | $0.33 |
| 7/25/2022 | $0.48 | 8/23/2022 | $0.40 | 9/22/2022 | $0.32 |
| 7/26/2022 | $0.47 | 8/24/2022 | $0.40 | 9/23/2022 | $0.32 |
| 7/27/2022 | $0.47 | 8/25/2022 | $0.39 | 9/26/2022 | $0.32 |
| 7/28/2022 | $0.46 | 8/26/2022 | $0.39 | 9/27/2022 | $0.32 |
| 7/29/2022 | $0.45 | 8/29/2022 | $0.39 | 9/28/2022 | $0.31 |
| 8/1/2022 | $0.45 | 8/30/2022 | $0.38 | 9/29/2022 | $0.31 |
| 8/2/2022 | $0.44 | 8/31/2022 | $0.38 | 9/30/2022 | $0.31 |
| 8/3/2022 | $0.44 | 9/1/2022 | $0.37 | 10/3/2022 | $0.31 |
| 8/4/2022 | $0.43 | 9/2/2022 | $0.37 | 10/4/2022 | $0.30 |
| 8/5/2022 | $0.43 | 9/6/2022 | $0.36 | 10/5/2022 | $0.30 |
| 8/8/2022 | $0.43 | 9/7/2022 | $0.36 | 10/6/2022 | $0.30 |
| 8/9/2022 | $0.43 | 9/8/2022 | $0.36 | 10/7/2022 | $0.30 |
| 8/10/2022 | $0.42 | 9/9/2022 | $0.35 | 10/10/2022 | $0.30 |

## Recognized Loss Calculation – Call Options

9.     For each Humanigen call option purchased or otherwise acquired during the Class Period (i.e., May 16, 2020 through July 12, 2022, inclusive), the Recognized Loss per option shall be calculated as follows:

i.     For each Humanigen call option not held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above, the Recognized Loss is $0.00.

ii.     For each Humanigen call option purchased during the period May 16, 2020 through July 12, 2022, inclusive, and held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

a. that was subsequently sold prior to the close of trading on July 13, 2022, the Recognized Loss is the purchase price *minus* the sale price.

b. that was subsequently exercised prior to the close of trading on July 13, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Humanigen call option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Humanigen common stock on the date of exercise *minus* the strike price of the option.

c. that expired unexercised prior to the close of trading on July 13, 2022, the Recognized Loss is equal to the purchase price.

d. that was still held as of the close of trading July 13, 2022, the Recognized Loss is the purchase price *minus* the intrinsic value of the Humanigen call option as of the close of trading on July 13, 2022, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $0.61[2] *minus* the strike price of the option.

10.    No Recognized Loss shall be calculated based upon the purchase or acquisition of any Humanigen call option that had been previously sold or written.

11.    **Maximum Recovery for Call Options:** Settlement proceeds available for Humanigen call options purchased or otherwise acquired during the Class Period shall be limited to a total amount equal to 2.0% of the Net Settlement Fund.[3]

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

12.    The payment you receive will reflect your proportionate share of the Net Settlement Fund.  Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

---

[2] $0.61 is the closing price of Humanigen common stock on July 13, 2022 (i.e., the last Corrective Disclosure Date).

[3] Humanigen call option trading accounted for less than 2.0% of total dollar trading volume for Humanigen common stock and call options during the Class Period.  Consequently, claims for Humanigen call option transactions are limited to 2.0% of the Settlement pursuant to the Plan of Allocation.

13.    A purchase or sale of Humanigen common stock or call option shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

14.    Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Humanigen common stock or call options during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.  To the extent that Humanigen common stock or call options were originally purchased prior to commencement of the Class Period, the Recognized Loss for such acquisitions shall be deemed to be zero ($0.00).

15.    Notwithstanding any of the above, receipt of Humanigen common stock or call options during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Humanigen common stock or call options.

16.    The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against like Humanigen securities held as of the close of trading on May 15, 2020 (i.e., the last trading day before the Class Period begins) and then against the purchases of like Humanigen securities during the Class Period.

17.    The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Humanigen common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

18.    If a Settlement Class Member has "written" Humanigen call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option.  The date on which the call option was written is deemed to be the date of sale of the call option.  In accordance with the Plan of Allocation, however, the Recognized Loss on "written" Humanigen call options is zero.  In the event that a Claimant has an opening written position in Humanigen call options, the earliest purchases or acquisitions of like-call options during the Class Period shall be matched against such opening written position, and shall not be entitled to a recovery, until that written position is fully covered.

19.    With respect to Humanigen common stock purchased through the exercise of a call or put option,[4] the purchase date of Humanigen common stock shall be the exercise date of the option and the purchase price shall be the closing price of Humanigen common stock on the exercise date. Any Recognized Loss arising from purchases of Humanigen common stock acquired during the Class Period through the exercise of an option on Humanigen common stock shall be computed as provided for other purchases of Humanigen common stock in the Plan of Allocation. The submission of Claims for such purchases of Humanigen common stock acquired during the Class Period through the exercise of an option on Humanigen common stock shall otherwise be subject to the same requirements described in this Notice and the Plan of Allocation for submitting a Claim for other purchases of Humanigen common stock.

20.    Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

21.    Settlement Class Members who do not submit an acceptable Proof of Claim and Release form will not share in the Settlement proceeds. The Stipulation and the Judgment dismissing this Litigation will nevertheless bind Settlement Class Members who do not submit a request for exclusion or submit an acceptable Proof of Claim and Release.

22.    Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Recognized Loss. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

23.    Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation,

---

[4] Including (1) purchases of Humanigen common stock as the result of the exercise of a call option, and (2) purchases of Humanigen common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

or the payment of any claim.  Plaintiff and Lead Counsel likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

24.    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (i) first, to pay any amounts mistakenly omitted from the initial disbursement; (ii) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

## HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

### 10.    How Will I Get a Payment?

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a claim form.  A claim form is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____.

### 11.    When Will I Get My Payment?

The Court will hold a hearing on _____, to decide whether to approve the settlement.  If Judge Martini approves the class action settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving

them can take time, perhaps several years.  Everyone who sends in a claim form will be informed of the determination with respect to their claim.  Please be patient.

### 12.    What Am I Giving Up to Get a Payment or Stay in the Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same legal issues in this case.  It also means that all of the Court's Order will apply to you and legally bind you and you will release your claims in this case against the Defendants.  The terms of the release are included in the claim form that is enclosed.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

### 13.    How Do I Get Out of the Settlement Class?

To exclude yourself form the Settlement Class, you must send a letter by mail stating that you want to be excluded from the Settlement in *In re Humanigen, Inc. Securities Litigation*, No. 2:22-cv-05258-WJM-AME (D.N.J.).  You must include your name, address, telephone number, signature, and your transactions in

Humanigen securities from May 16, 2020, to July 12, 2022, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. You must mail your exclusion request postmarked no later than _____ to:

_____
_____
_____

If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by the class action settlement. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember the exclusion deadline is _____.

### 15.    If I Exclude Myself, Can I Get Money from This Settlement?

No. If you exclude yourself, do not send in a claim form. But, you may sue, continue to sue, or be part of a different lawsuit against any of the Defendants. You should consult with a lawyer concerning your rights prior to excluding yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

19

### 16.    Do I Have a Lawyer in This Case?

The Court appointed the law firms of Levi & Korsinsky, LLP and Pomerantz LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel.  You will not be charged for the services of these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.    How Will the Lawyers Be Paid?

Plaintiffs' Counsel will ask the Court for attorneys' fees of up to one-third of the Settlement Fund ($1,000,000) and for reimbursement of their out-of-pocket litigation expenses up to $75,000 that were advanced in connection with the Litigation, plus interest.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for the risk in undertaking this representation on a wholly contingent basis.  To date, Lead Counsel has not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and Settlement Class nor for their substantial out-of-pocket expenses.  The fees requested will compensate Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar

circumstances in other cases of this type. The Court may award less than this amount.

Lead Counsel will also request an award in an amount not to exceed $100,000 for the Plaintiffs as reimbursement for their time and expenses serving as the representative plaintiffs during this Litigation. All amounts, including expenses incurred by the Claims Administrator for disseminating notice of this settlement, will be requested before distribution of the Net Settlement Fund to Settlement Class Members. Again, such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18.    How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court saying that you object to the settlement in *In re Humanigen, Inc. Securities Litigation*, No. 2:22-cv-05258-WJM-AME (D.N.J.). Be sure to include your name, address, telephone number, the reasons you object to the Settlement, and your transactions in Humanigen securities from May 16, 2020, to July 12, 2022, both

dates inclusive. You must include the dates, quantities, and prices associated with your transactions.  Any objection to the settlement must be filed with the Court no later than _____.

### 19.    What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the settlement.  You can object *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to.

### 20.    When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at _____ ___.m., on _____, in Courtroom MLK 4B at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.  At this hearing the Court will consider whether the settlement of the Litigation is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  Judge Martini will listen to people who have asked to speak at the hearing.  The Court will also consider how much to pay to Lead Counsel and whether an award to the Plaintiffs is appropriate. The Court may decide these

issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer questions Judge Martini may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Humanigen, Inc. Securities Litigation*, No. 2:22-cv-05258-WJM-AME (D.N.J.). Be sure to include your name, address, telephone number, and your transactions in Humanigen securities from May 16, 2020, to July 12, 2022, both dates inclusive. You must include the dates, quantities, and prices associated with your transactions. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

**23.    What Happens if I Do Nothing At All?**

If you do nothing, you will get no money from this Settlement.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit,

or be part of any other lawsuit against the Defendants about the same legal issues in this case.

## GETTING MORE INFORMATION

**24.    Are There More Details About the Settlement?**

This Notice summarizes the proposed settlement.  More details are in the Stipulation of Settlement dated September 22, 2023.  You can get a copy of the Stipulation or more information about the Settlement by visiting www. _____.com.

You can also contact the Claims Administrator:

    _____
    _____
    _____

Or Lead Counsel

    Levi & Korsinsky, LLP
    Attn: Adam M. Apton
    33 Whitehall Street, 17th Floor
    New York, New York 10004
    Telephone: (212) 363-7500
    Email: aapton@zlk.com

    Pomerantz LLP
    Attn: Jeremy A. Lieberman
    600 Third Avenue, 20th Floor
    New York, New York 10016
    Telephone: (212) 661-1100
    Email: jalieberman@pomlaw.com

You can also obtain a copy from the Clerk's Office during regular business hours:

Clerk of Court
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101


**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE**


**SPECIAL NOTICE TO NOMINEES**

If you hold shares of any Humanigen security purchased from May 16, 2020, to July 12, 2022, both dates inclusive, then, within ten (10) days after you received this Notice, you must either: (1) send a copy of this Notice and Proof of Claim by first class mail to all such beneficial owners; or (2) provide a list of names and addresses of such Persons to the Claims Administrator:

_____
_____
_____

If you choose to mail the Notice and Proof of Claim yourself, you may obtain

from the Claims Administrator (without cost to you) as many additional copies of

these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to

have the mailing performed for you, you may seek reimbursement of their

reasonable expenses actually incurred up to a maximum of $0.15 per name and

address provided to the Claims Administrator and up to $0.15 per Notice actually

mailed, plus postage at the rate used by the Claims Administrator.

**DATED:  _____, 2023**

                                        **BY ORDER OF THE UNITED STATES**
                                        **DISTRICT COURT FOR THE**
                                        **DISTRICT OF NEW JERSEY**