**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE HUMANIGEN, INC. SECURITIES LITIGATION | Case No. 2:22-cv-05258-WJM<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

**WHEREAS**, a consolidated class action is pending before the Court entitled *In re Humanigen, Inc. Securities Litigation*, No. 2:22-cv-05258-WJM-AME (D.N.J.);

**WHEREAS**, (a) Lead Plaintiffs Dr. Scott Greenbaum and Joshua Mailey together with Plaintiff Alejandro Pieroni, individually and on behalf of the Settlement Class ("Plaintiffs"), and (b) defendants Humanigen, Inc. ("Humanigen"), Cameron Durrant, and Dale Chappell (collectively, "Defendants"; and together with the Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated September 22, 2023 (the "Stipulation") subject to the approval of this Court (the "Settlement");

**WHEREAS**, the Court having reviewed and considered Plaintiffs' unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"); as well as all papers submitted in support thereof; the proposed Settlement as set forth in the Stipulation, which, together with the exhibits annexed thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Litigation, dismissing the Defendants with prejudice upon the terms and conditions set forth therein; a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Litigation; and good cause for this Order having been shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Settlement Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate as to all Settlement Class Members, pending a final settlement and fairness hearing (the "Settlement Hearing"). The Court preliminarily finds that the proposed Settlement

should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to any of the Plaintiffs or segments of the Settlement Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

4. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Court hereby certifies a Settlement Class, defined as: all Persons who purchased or otherwise acquired Humanigen securities during the Class Period. Excluded from the Settlement Class are: (i) Defendants; (ii) the officers, directors, and affiliates of Humanigen, at all relevant times; (iii) Humanigen's employee retirement or benefit plan(s) and their participants or beneficiaries to the extent they purchased or acquired Humanigen securities through any such plan(s); (iv) any entity in which Defendants have or had controlling interest; (v) Immediate Family members of any excluded person; and (vi) the legal representatives, heirs, successors, or assigns of any excluded person or entity. Also excluded from the Settlement Class are those Persons who validly and timely request exclusion.

5. With respect to the Settlement Class, this Court finds solely for purposes of effectuating this settlement that: (a) the Settlement Class Members are

3

so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. The Court approves the appointment of A.B. Data, Ltd. as the Claims

Administrator to supervise and administer the notice procedure and the processing of claims.

8.  The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Settlement Class Member in any court, arbitration, or other tribunal that includes any Released Claims against the Released Parties.

9.  The Court hereby approves, as to form and content, the proposed Notice and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1 and A-4, and directs that as soon as practicable after entry of this Order, but no later than fourteen (14) days after entry of this Order granting preliminary approval, that the Settlement Administrator publish the Notice on a website to be maintained by the Claims Administrator and provide the Postcard Notice to each known Settlement Class Member via first class U.S. mail, postage pre-paid. Humanigen shall cooperate in the identification of Settlement Class Members by producing reasonably available information from its shareholder transfer records or transfer agent. The Claims Administrator shall file with the Court proof of mailing of the Notice seven (7) days prior to the Settlement Hearing.

10. Banks, brokerage firms, institutions, and other persons who are nominees who purchased or otherwise acquired Humanigen securities for the beneficial interest of other persons during the Settlement Class Period are directed

to, within ten (10) days after receipt of the Notice: either (a) send the Notice and the Proof of Claim form to all beneficial owners of Humanigen securities purchased or otherwise acquired during the Class Period; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.15 per name and address provided to the Claims Administrator and up to $0.15 per Notice actually mailed, plus postage at the rate used by the Claims Administrator. The Claims Administrator shall provide the Notice to each Settlement Class Member identified through point (b) of this Paragraph via first class U.S. mail, postage pre-paid, no later than sixty (60) days prior to the Settlement Hearing.

11. The cost of providing the Notice to the Settlement Class as specified in this Order shall be paid as set forth in the Stipulation.

12. The Court hereby approves, as to form and content, the proposed form Summary Notice, substantially in the form annexed hereto as Exhibit A-3, and directs that within twenty-one (21) days after entry of this Order granting preliminary approval the Claims Administrator shall cause such Summary Notice to be published on a national business newswire. The Claims Administrator shall file with the Court proof of publication of the Summary Notice seven (7) days prior to the Settlement Hearing.

6

13. The Court approves the proposed Proof of Claim substantially in the form of Exhibit A-2 hereto.

14. The Court orders that the Notices, Proof of Claim form, Stipulation of Settlement and all papers submitted in support thereof be posted to a website to be maintained by the Claims Administrator.

15. This Court preliminarily finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, contemplated by the Stipulation and this Order:

    (a) Constitute the best practicable notice to Settlement Class Members under the circumstances of this Action;

    (b) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

16. Settlement Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than one hundred twenty (120) days after entry of this Order.

17. Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late- submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

18. Any person falling within the definition of the Settlement Class may

seek to be excluded from the Settlement Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than twenty- eight (28) days prior to the Settlement Hearing. Any Request for Exclusion that does not supply the information required by this Paragraph 16 shall be rejected, and any such Settlement Class Member shall be bound by the Stipulation and any judgment entered in connection therewith.

19. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until seven (7) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Hearing (the "Bar Date").

20. Unless otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released

Plaintiffs' Claims against each and all of the Defendants' Related Parties.

21. The Settlement Hearing shall take place before the undersigned, United States District Judge William J. Martini, in Courtroom MLK 4B at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102, on March 7 2024, at 12:00 PM, to determine:

    (a) Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

    (b) Whether the Litigation should be dismissed on the merits and with prejudice as to the Defendants;

    (c) Whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Litigation;

    (d) Whether the application for attorneys' fees and expenses to be submitted by Lead Counsel should be approved;

    (e) Whether the Plan of Allocation is fair and reasonable to the members of the Settlement Class;

    (f) Whether the application for a Compensatory Award to be submitted on behalf of Lead Plaintiffs Dr. Scott Greenbaum and Joshua Mailey and Plaintiff Alejandro Pieroni should be approved; and

    (g) Such other matters as the Court may deem necessary or appropriate.

22. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Settlement Class Members.

23. Lead Counsel and/or Defendants' Counsel shall submit papers in support of the Settlement, Plan of Allocation and Award of Attorney Fees and Expenses, and Lead Plaintiff's Compensatory Awards no later than thirty-five (35) days prior to the Settlement Hearing.

24. Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing; provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty-eight (28) days before the Settlement Hearing, such person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Stipulation the Settlement Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention. Such Settlement Class Member shall also provide

documentation sufficient to establish the Humanigen securities purchased, acquired and sold from May 16, 2020 and July 12, 2022, both dates inclusive (including the number of shares, dates, and prices). Failure to provide such information and documentation shall be grounds to void the objection.

25. All papers in response to objections or otherwise in support of the Settlement and related matters shall be filed fourteen (14) days prior to the Settlement Hearing.

26. Defendants shall have no responsibility for the Plan of Allocation or any Fee and Expense Application, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Stipulation.

27. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation and any Fee and Expense Application proposed by Lead Counsel should be approved.

28. All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. The Court may adjourn the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind other than an announcement of such adjournment in open court at the Settlement Hearing or any adjournment thereof. The contents of the Settlement Fund held by Esquire Bank (which the Court approves as the Escrow

Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

29. If the Settlement is approved, all Settlement Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, regardless of whether or not a Settlement Class Member submits a Proof of Claim. Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged, or which could have been alleged, or which otherwise were at issue in the Action.

30. Upon payment of the Settlement consideration to the Escrow Account by Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to Defendants pursuant to the Stipulation and/or further order of this Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally

approved.

31. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Class Members from Humanigen's shareholder transfer records, in no event shall Defendants have any responsibility for the administration of the Settlement, and Defendants shall not have any obligation or liability to Plaintiffs in connection with such administration.

32. No Person shall have any claim against the Released Parties, the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

33. Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants have represented that they entered into the Settlement solely to eliminate the burden, expense, and uncertainties of further litigation.

34. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission

or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

35. The Released Parties, and each of their counsel may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction of any other theory of claim preclusion or issues preclusion or similar defense or counterclaim.

36. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

37. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth above, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.

**SO ORDERED** in the District of New Jersey on November 8, 2023.

_____
THE HON. WILLIAM J. MARTINI
UNITED STATES DISTRICT JUDGE