UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE HUMANIGEN, INC. SECURITIES LITIGATION | Case No. 2:22-cv-05258-WJM-AME<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, CLASS CERTIFICATION, AWARD OF ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS** |

**WHEREAS**, a consolidated class action is pending before the Court entitled *In re Humanigen, Inc. Securities Litigation*, No. 2:22-cv-05258-WJM-AME (D.N.J.);

**WHEREAS**, (a) Lead Plaintiffs Dr. Scott Greenbaum and Joshua Mailey together with Plaintiff Alejandro Pieroni, individually and on behalf of the Settlement Class ("Plaintiffs"), and (b) defendants Humanigen, Inc. ("Humanigen"), Cameron Durrant, and Dale Chappell (collectively, "Defendants"; and together with the Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Litigation with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated September 22, 2023 (the "Stipulation") subject to the approval of this Court (the "Settlement");

- 2 -

**WHEREAS,** this matter came before the Court for hearing pursuant to an Order of this Court, dated September 10, 2024, on the application of the Plaintiffs and the Defendants for approval of the Settlement set forth in the Stipulation;

(A) Pursuant to the Preliminary Approval Order entered November 8, 2023 this Court scheduled a Settlement Hearing for September 10, 2024, to determine whether the proposed Settlement, Plan of Allocation, and requests for Lead Counsel's fees and expenses and requests for Compensatory Awards to Lead Plaintiffs Dr. Scott Greenbaum and Joshua Mailey and Plaintiff Alejandro Pieroni are fair, reasonable, and adequate, and should be approved by the Court (the "Settlement Hearing");

(B) The Court has received declarations attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Summary Notice;

(C) The Court has received no objections and four requests for exclusion to the proposed Settlement and Plan of Allocation;

(D) Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on September 10, 2024, and the Court having considered all papers filed and proceedings in this Litigation and otherwise being fully informed of the matters herein, and for the reasons stated on the record on at the

Set and set forth in more detail in the Court's written opinion, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The provisions of the Stipulation, including definitions of the terms used therein, the Notice, the Summary Notice, and the Postcard Notice, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including all Settlement Class Members.

3. Plaintiffs and all Settlement Class Members (except those who requested exclusion, identified in Exhibit A attached hereto) are bound by this Order and Final Judgment (the "Judgment").

4. As set forth in the Court's corresponding Opinion, the Settlement Class is certified for settlement purposes.

5. The Court finds that the Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6. This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all of which were implemented

- 3 -

in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

    (a)    Constituted the best practicable notice to Settlement Class Members under the circumstances of this Litigation;

    (b)    Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

    (c)    Were reasonable, fair, and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    (d)    Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

7. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to all members of the Settlement Class, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.

9. The Settlement set forth in the Stipulation is hereby finally approved as fair, reasonable and adequate in all respects, in accordance with the terms and provisions therein, and the Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10. The Plan of Allocation, as described in the Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11. Upon the Effective Date, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Judgment entered in the Litigation

shall have, fully, finally, and forever released, relinquished and discharged any and all Released Plaintiffs' Claims against each and every one of the Released Persons, and shall forever be barred and enjoined, without the necessity of any of the Released Persons posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Plaintiffs' Claims.

12. Upon the Effective Date, Defendants, on behalf of themselves, and their heirs, executors, trustees, administrators, predecessors, successors, and assigns, for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, shall fully, finally, and forever release, relinquish, and discharge any and all Released Defendants' Claims against each and every one of Plaintiffs, and shall forever be barred and enjoined, without the necessity of any of the Plaintiffs, posting a bond, from commencing, instituting, prosecuting, or maintaining any of the Released Defendants' Claims against any of the Plaintiffs.

13. Plaintiffs and all Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Plaintiffs' Claims against the Released Persons.

14. In accordance with 15 U.S.C. § 78u-4(f)(7), claims for contribution arising out of any Released Plaintiffs' Claim, including, but not limited to, any claims that arise out of the Litigation (i) by any Person against a Released Person, and (ii) by any Released Person against any Person other than as set out in 15 U.S.C.

§ 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable.

15. Any plan of allocation submitted by Lead Counsel or any other order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or similar defense or counterclaim.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon;

(b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. The Court finds that during the course of the Litigation, Plaintiffs and Defendants, and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21. This Litigation is dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

23. The Court hereby awards Lead Counsel fees for the class action settlement in the amount of $750,000.00 to be paid pursuant to the terms of the Stipulation of Settlement (Dkt. No. 44).

24. The Court further hereby awards Lead Counsel expenses in the amount of $75,000.00 to be paid pursuant to the terms of the Stipulation of Settlement (Dkt. No. 44).

25. The Court further hereby awards Lead Plaintiff Dr. Scott Greenbaum $7,500.00.

26. The Court further hereby awards Lead Plaintiff Joshua Mailey $7,500.00.

27. The Court further hereby awards Lead Plaintiff Joshua Mailey $7,500.00.

28. The Court further hereby awards Plaintiff Alejandro Pieroni $7,500.00.

29.  All awards granted herein are to be paid out of the Settlement Fund and pursuant to the Stipulation of Settlement.

**IT IS SO ORDERED.**

DATE: September 11, 2024

_____
WILLIAM J. MARTINI, U.S.D.J.

# EXHIBIT A

**The following Persons are excluded from the Settlement:**

1. Rob Schaefer

2. Charles Caston

3. John D. Johnston; Trudy J. Johnston; Estate of Joyce N. Johnston

4. John and Lisa Nixon Family Trust; Lisa L. Nixon; Norma Jane Holt